[994 NYS2d 860]

In the Matter of WILLIAM G. SCHER (Admitted as WILLIAM GOLD-MAN SCHER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Hal R. Lieberman*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent William G. Scher was admitted to the practice of law in the State of New York by the First Judicial Department on January 13, 1986, under the name William Goldman Scher. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys effective immediately.

Respondent states in his affidavit of resignation that: (1) his resignation is submitted freely, voluntarily and without coercion or duress; (2) he is fully aware of the implications of submitting his resignation; and (3) he is represented by counsel in this matter. He acknowledges that he is the subject of a pending disciplinary proceeding involving allegations that he deposited $30,800 in client escrow funds into his personal bank account and used $29,118.67 of the funds for his own expenses. He further acknowledges that he submitted a letter to the Committee in which he falsely stated that the deposit of the funds in his personal account had been a result of "inadvertence." He reported his conduct to the Committee at the urging of his former law firm. Respondent has repaid his former client in full.

Respondent acknowledges that if the Committee brought charges against him based on the misconduct under investigation, he would not be able to successfully defend himself on the merits against such charges. His affidavit of resignation therefore satisfies 22 NYCRR 603.11 (a) (1)-(3).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys, effective nunc pro tunc to July 25, 2014.

ACOSTA, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 25, 2014.